AF Approval  _JMH_                                    Chief Approval _MPF_

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

UNITED STATES OF AMERICA

v.                                              CASE NO. 6:24-cr-244-RBD

JESUS HERNANDEZ

PLEA AGREEMENT

Pursuant to Fed. R. Crim. P. 11(c), the United States of America, by

Roger B. Handberg, United States Attorney for the Middle District of Florida,

and the defendant, Jesus Hernandez, and the attorney for the defendant,

Katherine Puzone, mutually agree as follows:

A.    **Particularized Terms**

1.    Count(s) Pleading To

The defendant shall enter a plea of guilty to Count Two of the

Indictment.  Count Two charges the defendant with straw purchasing of

firearms, in violation of 18 U.S.C. §§ 932(b)(2) and 2.

2.    Maximum Penalties

Count Two carries a maximum sentence of 25 years

imprisonment, a fine of $250,000, a term of supervised release of not more

than 3 years, and a special assessment of $100 per felony count.

Defendant's Initials␣JH

3.    Elements of the Offense(s)

The defendant acknowledges understanding the nature and

elements of the offense(s) with which defendant has been charged and to

which defendant is pleading guilty.  The elements of Count Two are:

> First:      The Defendant knowingly purchased, or conspired
> to purchase, any firearm in or otherwise affecting
> interstate or foreign commerce;
>
> Second:   The Defendant purchased or conspired to purchase
> the firearm on behalf of, or at the request or demand
> of any other person;
>
> Third:     The Defendant knew or had reasonable cause to
> believe that such other person intended to use,
> carry, possess, sell or otherwise dispose of the
> firearm in furtherance of a felony or a drug
> trafficking crime.

4.    No Further Charges

If the Court accepts this plea agreement, the United States

Attorney's Office for the Middle District of Florida agrees not to charge

defendant with committing any other federal criminal offenses known to the

United States Attorney's Office at the time of the execution of this agreement,

related to the conduct giving rise to this plea agreement.

5.    Acceptance of Responsibility - Three Levels

At the time of sentencing, and in the event that no adverse

information is received suggesting such a recommendation to be unwarranted,

Defendant's Initials ___ᔑ Ϧ___          2

the United States will recommend to the Court that the defendant receive a two-level downward adjustment for acceptance of responsibility, pursuant to USSG § 3E1.1(a). The defendant understands that this recommendation or request is not binding on the Court, and if not accepted by the Court, the defendant will not be allowed to withdraw from the plea.

Further, at the time of sentencing, if the defendant's offense level prior to operation of subsection (a) is level 16 or greater, and if the defendant complies with the provisions of USSG § 3E1.1(b) and all terms of this Plea Agreement, including but not limited to, the timely submission of the financial affidavit referenced in Paragraph B.5., the United States agrees to file a motion pursuant to USSG § 3E1.1(b) for a downward adjustment of one additional level. The defendant understands that the determination as to whether the defendant has qualified for a downward adjustment of a third level for acceptance of responsibility rests solely with the United States Attorney for the Middle District of Florida, and the defendant agrees that the defendant cannot and will not challenge that determination, whether by appeal, collateral attack, or otherwise.

6.    <u>Guidelines Sentence</u>

Pursuant to Fed. R. Crim. P. 11(c)(1)(B), the United States will recommend to the Court that the defendant be sentenced within the

Defendant's Initials ⟋ Ϩ Ⱶ          3

defendant's applicable guidelines range as determined by the Court pursuant to the United States Sentencing Guidelines, as adjusted by any departure the United States has agreed to recommend in this plea agreement. The parties understand that such a recommendation is not binding on the Court and that, if it is not accepted by this Court, neither the United States nor the defendant will be allowed to withdraw from the plea agreement, and the defendant will not be allowed to withdraw from the plea of guilty.

7.    Forfeiture of Assets

The defendant agrees to forfeit to the United States immediately and voluntarily any and all assets and property, or portions thereof, subject to forfeiture, pursuant to 18 U.S.C. §§ 934(a)(1)(A)-(B), 924(d), and 28 U.S.C. § 2461(c) whether in the possession or control of the United States, the defendant or defendant's nominees.

The defendant agrees and consents to the forfeiture of these assets pursuant to any federal criminal, civil judicial or administrative forfeiture action. The defendant also agrees to waive all constitutional, statutory and procedural challenges (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this Plea Agreement on any grounds, including that the forfeiture described herein constitutes an excessive fine, was not properly noticed in the charging

Defendant's Initials ⟍ ⊔          4

instrument, addressed by the Court at the time of the guilty plea, announced at sentencing, or incorporated into the judgment.

If the United States seeks the forfeiture of specific assets pursuant to Rule 32.2(b)(4), the defendant agrees that the preliminary order of forfeiture will satisfy the notice requirement and will be final as to the defendant at the time it is entered. In the event the forfeiture is omitted from the judgment, the defendant agrees that the forfeiture order may be incorporated into the written judgment at any time pursuant to Rule 36.

The defendant agrees to take all steps necessary to identify and locate all property subject to forfeiture and to transfer custody of such property to the United States before the defendant's sentencing. To that end, the defendant agrees to make a full and complete disclosure of all assets over which defendant exercises control directly or indirectly, including all assets held by nominees, to execute any documents requested by the United States to obtain from any other parties by lawful means any records of assets owned by the defendant, and to consent to the release of the defendant's tax returns for the previous five years. The defendant further agrees to be interviewed by the government, prior to and after sentencing, regarding such assets and their connection to criminal conduct. The defendant further agrees to be polygraphed on the issue of assets, if it is deemed necessary by the United

Defendant's Initials ⸺S⸺ H          5

States. The defendant agrees that Federal Rule of Criminal Procedure 11 and USSG § 1B1.8 will not protect from forfeiture assets disclosed by the defendant as part of the defendant's cooperation.

The defendant agrees to take all steps necessary to assist the government in obtaining clear title to the forfeitable assets before the defendant's sentencing. In addition to providing full and complete information about forfeitable assets, these steps include, but are not limited to, the surrender of title, the signing of a consent decree of forfeiture, and signing of any other documents necessary to effectuate such transfers.

Forfeiture of the defendant's assets shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty the Court may impose upon the defendant in addition to forfeiture.

The defendant agrees that, in the event the Court determines that the defendant has breached this section of the Plea Agreement, the defendant may be found ineligible for a reduction in the Guidelines calculation for acceptance of responsibility and substantial assistance, and may be eligible for an obstruction of justice enhancement.

The defendant agrees that the forfeiture provisions of this plea agreement are intended to, and will, survive the defendant, notwithstanding the abatement of any underlying criminal conviction after the execution of this

Defendant's Initials _SH_    6

agreement. The forfeitability of any particular property pursuant to this agreement shall be determined as if the defendant had survived, and that determination shall be binding upon defendant's heirs, successors and assigns until the agreed forfeiture, including any agreed forfeiture amount, is collected in full.

8.      Abandonment of Property - Firearms

Defendant acknowledges that he has an ownership interest in the following items of property: one Barrett, model 82A1 rifle; five FN, model M249S rifles; one Ohio Ordinance, model M2SLR rifle; one Barrett, model M107A1 rifle; and two FN Scar 16S rifles.

Defendant hereby knowingly and voluntarily waives all right, title, and interest in the listed property. Defendant waives, releases, and withdraws any claim that Defendant has made with respect to the listed property, and waives and releases any claim that Defendant might otherwise have made to the listed property in the future.

Defendant consents to the vesting of title to the listed property to the United States Government, pursuant to Title 41, Code of Federal Regulations, Section 128-48.102-1. Defendant also consents to the destruction of the property, or other disposition of the property in accordance with law, and without further notice to defendant.

Defendant's Initials _S H_          7

Defendant waives any right Defendant might otherwise have had to receive notice or a hearing with respect to any motion, pleading, order, or any other action that the Government might take, in its sole discretion, to carry out the abandonment, disposition, and/or destruction of the listed property. Defendant's waiver includes, without limitation, all common law, statutory, and constitutional claims or challenges, on any grounds, arising at any time from, or relating to, the seizure, abandonment, disposition, and destruction of the listed property, including any such claim for attorney's fees and litigation costs.

Defendant further agrees to hold the United States of America, its agents and employees, harmless from any claims whatsoever in connection with the seizure, abandonment, disposition, and destruction of the listed property.

## B.    **Standard Terms and Conditions**

### 1.    Restitution, Special Assessment and Fine

The defendant understands and agrees that the Court, in addition to or in lieu of any other penalty, <u>shall</u> order the defendant to make restitution to any victim of the offense(s), pursuant to 18 U.S.C. § 3663A, for all offenses described in 18 U.S.C. § 3663A(c)(1); and the Court may order the defendant to make restitution to any victim of the offense(s), pursuant to 18 U.S.C. §

Defendant's Initials _____        8

3663, including restitution as to all counts charged, whether or not the defendant enters a plea of guilty to such counts, and whether or not such counts are dismissed pursuant to this agreement. The defendant further understands that compliance with any restitution payment plan imposed by the Court in no way precludes the United States from simultaneously pursuing other statutory remedies for collecting restitution (28 U.S.C. § 3003(b)(2)), including, but not limited to, garnishment and execution, pursuant to the Mandatory Victims Restitution Act, in order to ensure that the defendant's restitution obligation is satisfied.

On each count to which a plea of guilty is entered, the Court shall impose a special assessment pursuant to 18 U.S.C. § 3013. To ensure that this obligation is satisfied, the Defendant agrees to deliver a cashier's check, certified check, or money order to the Clerk of the Court in the amount of $100 payable to "Clerk, U.S. District Court" within ten days of the change of plea hearing. The defendant understands that this agreement imposes no limitation as to fine.

    2.   <u>Supervised Release</u>

The defendant understands that the offense(s) to which the defendant is pleading provide(s) for imposition of a term of supervised release upon release from imprisonment, and that, if the defendant should violate the

Defendant's Initials     9

conditions of release, the defendant would be subject to a further term of imprisonment.

### 3. Immigration Consequences of Pleading Guilty

The defendant has been advised and understands that, upon conviction, a defendant who is not a United States citizen may be removed from the United States, denied citizenship, and denied admission to the United States in the future.

### 4. Sentencing Information

The United States reserves its right and obligation to report to the Court and the United States Probation Office all information concerning the background, character, and conduct of the defendant, to provide relevant factual information, including the totality of the defendant's criminal activities, if any, not limited to the count(s) to which defendant pleads, to respond to comments made by the defendant or defendant's counsel, and to correct any misstatements or inaccuracies. The United States further reserves its right to make any recommendations it deems appropriate regarding the disposition of this case, subject to any limitations set forth herein, if any.

### 5. Financial Disclosures

Pursuant to 18 U.S.C. § 3664(d)(3) and Fed. R. Crim. P. 32(d)(2)(A)(ii), the defendant agrees to complete and submit to the United

Defendant's Initials ____    10

States Attorney's Office within 30 days of execution of this agreement an affidavit reflecting the defendant's financial condition. The defendant promises that his financial statement and disclosures will be complete, accurate and truthful and will include all assets in which he has any interest or over which the defendant exercises control, directly or indirectly, including those held by a spouse, dependent, nominee or other third party. The defendant further agrees to execute any documents requested by the United States needed to obtain from any third parties any records of assets owned by the defendant, directly or through a nominee, and, by the execution of this Plea Agreement, consents to the release of the defendant's tax returns for the previous five years. The defendant similarly agrees and authorizes the United States Attorney's Office to provide to, and obtain from, the United States Probation Office, the financial affidavit, any of the defendant's federal, state, and local tax returns, bank records and any other financial information concerning the defendant, for the purpose of making any recommendations to the Court and for collecting any assessments, fines, restitution, or forfeiture ordered by the Court. The defendant expressly authorizes the United States Attorney's Office to obtain current credit reports in order to evaluate the defendant's ability to satisfy any financial obligation imposed by the Court.

Defendant's Initials ___    11

6.    Sentencing Recommendations

It is understood by the parties that the Court is neither a party to nor bound by this agreement.  The Court may accept or reject the agreement, or defer a decision until it has had an opportunity to consider the presentence report prepared by the United States Probation Office.  The defendant understands and acknowledges that, although the parties are permitted to make recommendations and present arguments to the Court, the sentence will be determined solely by the Court, with the assistance of the United States Probation Office.  Defendant further understands and acknowledges that any discussions between defendant or defendant's attorney and the attorney or other agents for the government regarding any recommendations by the government are not binding on the Court and that, should any recommendations be rejected, defendant will not be permitted to withdraw defendant's plea pursuant to this plea agreement.  The government expressly reserves the right to support and defend any decision that the Court may make with regard to the defendant's sentence, whether or not such decision is consistent with the government's recommendations contained herein.

7.    Defendant's Waiver of Right to Appeal the Sentence

The defendant agrees that this Court has jurisdiction and authority to impose any sentence up to the statutory maximum and expressly

Defendant's Initials _____        12

waives the right to appeal defendant's sentence on any ground, including the ground that the Court erred in determining the applicable guidelines range pursuant to the United States Sentencing Guidelines, except (a) the ground that the sentence exceeds the defendant's applicable guidelines range <u>as determined by the Court</u> pursuant to the United States Sentencing Guidelines; (b) the ground that the sentence exceeds the statutory maximum penalty; or (c) the ground that the sentence violates the Eighth Amendment to the Constitution; provided, however, that if the government exercises its right to appeal the sentence imposed, as authorized by 18 U.S.C. § 3742(b), then the defendant is released from his waiver and may appeal the sentence as authorized by 18 U.S.C. § 3742(a).

8.    <u>Middle District of Florida Agreement</u>

It is further understood that this agreement is limited to the Office of the United States Attorney for the Middle District of Florida and cannot bind other federal, state, or local prosecuting authorities, although this office will bring defendant's cooperation, if any, to the attention of other prosecuting officers or others, if requested.

9.    Filing of Agreement

This agreement shall be presented to the Court, in open court or in camera, in whole or in part, upon a showing of good cause, and filed in this cause, at the time of defendant's entry of a plea of guilty pursuant hereto.

10.    Voluntariness

The defendant acknowledges that defendant is entering into this agreement and is pleading guilty freely and voluntarily without reliance upon any discussions between the attorney for the government and the defendant and defendant's attorney and without promise of benefit of any kind (other than the concessions contained herein), and without threats, force, intimidation, or coercion of any kind. The defendant further acknowledges defendant's understanding of the nature of the offense or offenses to which defendant is pleading guilty and the elements thereof, including the penalties provided by law, and defendant's complete satisfaction with the representation and advice received from defendant's undersigned counsel (if any). The defendant also understands that defendant has the right to plead not guilty or to persist in that plea if it has already been made, and that defendant has the right to be tried by a jury with the assistance of counsel, the right to confront and cross-examine the witnesses against defendant, the right against compulsory self-incrimination, and the right to compulsory process for the

Defendant's Initials _S H_                14

attendance of witnesses to testify in defendant's defense; but, by pleading guilty, defendant waives or gives up those rights and there will be no trial. The defendant further understands that if defendant pleads guilty, the Court may ask defendant questions about the offense or offenses to which defendant pleaded, and if defendant answers those questions under oath, on the record, and in the presence of counsel (if any), defendant's answers may later be used against defendant in a prosecution for perjury or false statement. The defendant also understands that defendant will be adjudicated guilty of the offenses to which defendant has pleaded and, if any of such offenses are felonies, may thereby be deprived of certain rights, such as the right to vote, to hold public office, to serve on a jury, or to have possession of firearms.

11.    Factual Basis

Defendant is pleading guilty because defendant is in fact guilty. The defendant certifies that defendant does hereby admit that the facts set forth in the attached "Factual Basis," which is incorporated herein by reference, are true, and were this case to go to trial, the United States would be able to prove those specific facts and others beyond a reasonable doubt.

12.    Entire Agreement

This plea agreement constitutes the entire agreement between the government and the defendant with respect to the aforementioned guilty plea

Defendant's Initials ⁀S H            15

and no other promises, agreements, or representations exist or have been made to the defendant or defendant's attorney with regard to such guilty plea.

13.    Certification

The defendant and defendant's counsel certify that this plea agreement has been read in its entirety by (or has been read to) the defendant and that defendant fully understands its terms.

DATED this __15__ day of January, 2025.


_____
Jesus Hernandez
Defendant


ROGER B. HANDBERG
United States Attorney

_____
Noah P. Dorman
Assistant United States Attorney


_____
Katherine Puzone
Attorney for Defendant


_____
for Michael P. Felicetta
Assistant United States Attorney
Chief, Orlando Division


Defendant's Initials __JH__                16

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

UNITED STATES OF AMERICA

v.                                            CASE NO. 6:24-cr-244-RBD

JESUS HERNANDEZ

PERSONALIZATION OF ELEMENTS

On or about November 8, 2022, in the Middle District of Florida, and

elsewhere:

First:       Did you knowingly purchase any firearm in or otherwise
             affecting interstate or foreign commerce?

Second:      Did you purchase the firearm on behalf of, or at the
             request or demand of, any other person?

Third:       Did you know or have reasonable cause to believe that
             such other person intended to use, carry, possess, sell or
             otherwise dispose of the firearm in furtherance of a felony
             or a drug trafficking crime, specifically, Dealing in
             Firearms Without a License and/or Conspiracy to
             Distribute Controlled Substances?

Defendant's Initials _J_H_              17

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

UNITED STATES OF AMERICA

v.                                          CASE NO. 6:24-cr-244-RBD

JESUS HERNANDEZ

### FACTUAL BASIS

#### Introduction

Beginning in May of 2023, investigators with the Bureau of Alcohol,
Tobacco, Firearms, and Explosives (ATF), began investigating a firearms
trafficking organization operating in the Middle District of Florida. The
organization was comprised of at least six individuals and led by an individual
with the initials A.V.D., who is connected to La Familia Cartel and Cartel de
Jalisco Nueva Generacion, both well-known Mexican drug cartels.

Beginning in at least 2019, the firearm trafficking organization was
engaged in a conspiracy and actively trafficked narcotics, primarily cocaine, in
Volusia County, in the Middle District of Florida. The organization also
purchased high-caliber firearms within the Middle District of Florida and
caused them to be smuggled into Mexico, where they were sold to members of
a Mexican drug cartel. The firearms were purchased with money obtained
from the profits of trafficking cocaine, or with cash supplied directly by either

Defendant's Initials _J H_            18

La Familia Cartel or Cartel de Jalisco Nueva Generacion. These cartels were and are criminal organizations engaged in, among other things, the trafficking of controlled substances into the United States.

Beginning by at least August 19, 2022, and continuing to on or about September 6, 2023, the Defendant, JESUS HERNANDEZ, purchased firearms in and affecting interstate and foreign commerce on behalf of A.V.D. Defendant knew or had reasonable cause to believe that A.V.D. intended to cause the firearms to be transported into Mexico for sale to a Mexican cartel. Defendant knew or had reasonable cause to believe the firearms he purchased on behalf of A.V.D. would be used in furtherance of the felony offense of Dealing in Firearms Without a License, in violation of 18 U.S.C. § 922(a)(1)(A) and in furtherance of a drug trafficking crime, to wit, Conspiracy to Distribute Controlled Substances, in violation of 21 U.S.C. § 846. Defendant was paid for each firearm that he purchased on behalf of A.V.D.

### Background of Investigation

In May of 2023, ATF investigators were notified of suspicious gun purchases made by A.V.D. and HERNANDEZ Specifically, they were informed that on April 29, 2023, an employee at a federal firearms licensed dealer located in Crestview, FL, had called A.V.D. to inform him that he was not approved for the purchase of a .50 caliber Barrett rifle (of which he had

Defendant's Initials ＪＨ          19

already purchase three) and that he should not drive to the store. A.V.D. informed the employee that he was already close to the store.

The purchase of multiple Barrett .50 caliber rifles often alerts firearms dealers to the likely presence of criminal behavior. The Barrett .50 caliber rifle typically sells for several thousand dollars. For example, the Barrett, M107A1, .50 caliber rifle currently retails for approximately $12,000. In addition to the expense of the firearm itself, the ammunition used by the firearm is retails between three to five dollars per round.  This is compared to other rifle ammunition that retails between five and fifteen cents per round. Due to the expenses that occur with the purchase and use of the Barrett .50 caliber rifle it is not commonly collected, shot by hobbyist or for sport.

It is also well known that the Barrett .50 caliber rifle is considered highly desirable by the Mexican drug cartels. The Barrett .50 caliber rifle, amongst other makes, can expel a very accurate, heavy, and fast-moving projectile that defeats all individually worn body armor, and is known as an anti-vehicle firearm that can penetrate and disable vehicles, aircraft, boats, and can even defeat some types of protection provided by armored vehicles. This makes it highly sought by the cartel in their efforts to control large territories.

Shortly after the phone conversation with A.V.D., conspirators J.A. and J.P., arrived at the store and began asking to purchase the same type of gun

that A.V.D. had requested on the phone. Both J.A. and J.P. filled out

Firearms Transaction Records, attempting to purchase one Barret model

M107A1 each. The purchases were ultimately denied because the owner of the

store believed J.A. and J.P. were attempting to make a straw purchase on

behalf of A.V.D. This suspicious activity triggered the investigation into

A.V.D. and the firearms trafficking organization.

### Purchases Made by Defendant

On November 8, 2022, HERNANDEZ purchased two Barrett .50

BMG caliber semi-automatic rifles (Model M107A1; Model 82A1).

On November 18, 2022, HERNANDEZ purchased two FN M249S

semi-automatic 5.56mm rifles and one Girsan MC 1911S .45 caliber pistol.

On February 13, 2023, HERNANDEZ purchased an Ohio Ordnance

M2-SLR .50 BMG caliber semi-automatic rifle and a Girsan Regard MC 9mm

pistol.

HERNADEZ paid $71,614.38 total in primarily cash for the seven

firearms ($24,614.98 for the first transaction, $23,609.91 for the second

transaction, and $23,389.49 for the third transaction).

These firearms discussed above were purchased at the request of A.V.D.

and delivered to A.V.D. soon after purchase. Defendant knew or had

reasonable cause to believe that A.V.D. was associated with a Mexican cartel

Defendant's Initials ___JH___      21

and that A.V.D. would deliver the firearm to individuals associated with the cartel in Mexico. A.V.D. does not have a license to sell firearms. A.V.D. provided Defendant cash to purchase each of the firearms and paid Defendant between $1,000-$1,500 per purchase.

An interstate nexus expert was consulted relating to the firearms manufacturers FN Herstal and FN America. Neither manufacturer produces firearms within the State of Florida. Therefore, the sale of any firearms manufactured by FN Herstal, or FN America indicate those firearms traveled in interstate or foreign commerce.

### Trafficked Firearm Recovered in Mexico

Using the eTrace Firearm Recovery Notification Program, Mexican authorities were able to confirm the presence of at least one of the trafficked firearms in Mexico. On March 22, 2023, Mexican State Police and Mexican Military Personnel were involved in a shooting with suspected members of the Cartel de Jalisco Nueva Generacion in Zitacuaro, Michoacan, Mexico. Two individuals were killed during the exchange of gunfire. After the shooting, a Barrett, model 82A1, .50 caliber rifle purchased by HERNANDEZ was recovered.

Defendant's Initials _JH_                    22

## Conclusion

The above is merely a summary of some of the events, some of the persons involved, and other information relating to this case. It does not include, nor is it intended to include, all the events, persons involved, or other information relating to this case.