**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**UNITED STATES OF AMERICA,**

     **Plaintiff,**

**v.**                             **Case No. 6:24-cr-244-RBD-UAM**

 **JESUS HERNANDEZ**

     **Defendant.**

_____/

## **DEFENDANT'S SENTENCING MEMORANDUM**

Defendant, Jesus Hernandez, by and through his undersigned attorney, hereby respectfully files this sentencing memorandum in support of his request for a sentence at the low end of the guidelines (37 months) with a recommendation from the Court that he participate in the Residential Drug Abuse Program ("RDAP").

A. <u>Procedural Background</u>

1. On October 2, 2024, Mr. Hernandez was arrested pursuant to a four-count Indictment. Doc. 1. The Indictment charged Mr. Hernandez with 1) Conspiracy to Straw Purchase Firearms (18 U.S.C. §§ 932(b)(2) and (c)(2)); 2) Straw Purchasing of Firearms (18 U.S.C. §§ 932(b)(2) and 2); 3) Trafficking in Firearms (18 U.S.C. §§ 933(a)(1)

and 2); 4) False Statements in Firearms Transaction Record (18 U.S.C. §§ 922(a)(6), 924(a)(2), and 2).

2. On October 2, 2024, Mr. Hernandez appeared before Magistrate Judge Kidd for his Initial Appearance. Doc. 14.

3. On October 4, 2024, Judge Kidd released Mr. Hernandez on conditions including GPS monitoring.  Doc. 15.

4. On January 28, 2025, Mr. Hernandez appeared before this Court and entered a plea of guilty to Count 2 of the Indictment (Straw Purchasing of Firearms).   Pursuant to a Plea Agreement, the Government will dismiss Counts 1, III and IV of the Indictment at Sentencing. (Doc. 27.)

5. In his six and a half months on pre-trial release Mr. Hernandez did not incur a single violation of the terms of his release. PSR ⁋ 12.

B. Mr. Hernandez's Personal Background

Mr. Hernandez comes from a family that loves and supports him deeply. *See* Appendix B, Letters of Support.  However, his family life has been marked by domestic violence, substance abuse, and significant dysfunction. In the PSR interview, Mr. Hernandez claimed that he was raised in an intact family, that the family was close, there was no abuse, and that all of his needs were met.  PSR ⁋ 87.  However, when Mr. Hernandez was

evaluated by Dr. Pagan, he opened up and told the truth: He was "exposed to domestic violence between his parents that resulted in calls to the police. . .. his father struggled with alcoholism and was drunk during these violent episodes. . .. He disclosed incidents of physical abuse that left bruising on his body and were never reported to anyone." Pagan Report, Appendix D at p. 2. Mr. Hernandez's world was shattered at eighteen when his father was arrested and imprisoned for fifteen years for the rape of a minor. PSR ¶ 87.

In addition to the trauma suffered being raised in a violent and dysfunctional home, Mr. Hernandez was seriously injured in several car accidents. At six years old, he suffered a jaw injury in a car accident. Pagan Report, Appendix D p. 2. "At age 16, he was ejected from a car that left him with severe injuries to his left hand, face and head." *Id.* He required surgeries to his face and hand and a partial amputation of one of his fingers. *Id.* At 16, Mr. Hernandez was severely bullied for his injuries and took to wearing a glove to cover his injured hand. As Dr. Pagan explained, survivors of head trauma can go on to have memory deficits and difficulties with problem solving. Pagan Report, Appendix D at 4. The results of Dr. Pagan's administration of the WAIS-IV to Mr. Hernandez showed deficits consistent with head trauma. Pagan Report, Appendix D at 4. Finally, at

age 26, Mr. Hernandez was in another serious car accident that required back surgeries. He still suffers pain because of the recent accident.

Given the history of trauma and substance abuse in his family, it is not surprising that Mr. Hernandez developed substance abuse problems himself. In addition, Mr. Hernandez has struggled with depression and anxiety most of his adult life. Pagan Report, Appendix D at p. 4. He reported a history of alcohol, nicotine and cocaine use. His level of substance abuse was such that it interfered with his relationships and employment. Pagan Report, Appendix D at p. 2. The instant offense occurred when he was in the throes of addiction. Substance abuse and trauma combined to impact Mr. Hernandez's functioning to the point that it impacted his ability to process information and make good decisions. Pagan Report, Appendix D at pp. 4-5. While it is not an excuse for his conduct, it is mitigating.

His arrest on the instant case was Mr. Hernandez's rock bottom. Since his arrest, Mr. Hernandez has not had a single positive test for any substance and completed a substance abuse program at Oasis Treatment Center, an anger management program and a course on decision making and impulse control. *See* Appendix C, Certificates of Completion. He expressed his willingness to continue treatment to Dr. Pagan who

4

recommended that Mr. Hernandez participate in the RDAP program. Pagan Report, Appendix D at p. 6. When Mr. Hernandez is released from prison, he will be able to maintain his sobriety because of his strong support network. Before the instant offense, his support network could not help him because he had not made a full commitment to recovery. Facing prison for the first (and hopefully only) time in his life has forced Mr. Hernandez to take accountability for the extent of his addictions. He will rely on his family and friends when he needs them this time. The attached letters of support attest to Mr. Hernandez's fundamental kindness and good soul. He cares for his mother daily, helping her around the house and making sure she has appropriate food. The family supported each other through the devastation of his father's conviction for the rape of a child and the ensuing shame. The family stayed together through it all. Just as they stood together to survive the period of his father's arrest and conviction, they stand together now to support Mr. Hernandez through the most difficult time of his life. Mr. Hernandez is deeply remorseful for his actions as expressed in his allocution. Appendix A. In his own words: "My past did not force me to make the choices I did—I made them myself. I should have known better, and I should have made better decisions. I now realize how my actions have contributed to a larger problem, and I deeply regret the

5

pain and damage that may have resulted. Your Honor, I am not a lost cause. I have been making some drastic changes in my life, and I am committed to making sure that I never find myself in this position again." Appendix A.

3. <u>Argument</u>

A sentence at the low end of the guidelines with a recommendation that Mr. Hernandez enroll in and complete the RDAP program complies with the goals of 18 U.S.C. § 3553(a). It is "sufficient but not greater than necessary" to accomplish the goals set forth in 18 U.S.C. § 3553(a)(2).

First, a prison sentence of three years accounts for the seriousness of the offense. 18 U.S.C. § 3553(a)(1). Mr. Hernandez has never been incarcerated and his impending incarceration has already motivated him to stop using substances and seek treatment. The history and characteristics of Mr. Hernandez detailed above show that a sentence at the low end of the guidelines is warranted. There is no doubt that his offense was serious. However, considering the documented effects of trauma and substance abuse on his functioning, a longer sentence would be greater than necessary to accomplish the objectives of sentencing. It both promotes respect for the law and provides just punishment. 18 U.S.C. § 3553(a)(2)(A).

Second, the proposed sentence meets the rest of the requirements of 18 U.S.C. § 3553(a)(2). Mr. Hernandez immediately stopped using

6

substances upon his arrest and sought treatment.  He completed a substance abuse treatment program at Oasis during his time on pre-trial release. Appendix C.  As he has his through most of his life, Mr. Hernandez maintained employment throughout this time. PSR ⁋⁋ 105-111.  Mr. Hernandez's allocution and his conduct since his arrest show that the proposed sentence will ensure that he never commits another offense.  He will receive the treatment that he needs in the RDAP program.

Mr. Hernandez is committed to taking responsibility for his actions, accepting treatment in the RDAP program and starting a new life after his release with the support of his family.

A. FITZGERALD HALL, ESQ.
FEDERAL DEFENDER, MDFL

*/s/ Katherine Puzone*
Katherine Puzone, Esq.
Assistant Federal Defender
Florida Bar No. 94491
201 South Orange Ave.
Suite 300
Orlando, FL 32801
Telephone: 407-648-6338
Fax: 407-648-6095
EM: katherine_puzone@fd.org

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that undersigned electronically filed the foregoing *Sentencing Memorandum* with the Clerk of Court (CM/ECF) by using the CM/ECF system which will send a notice of electronic filing to Noah Dorman, Assistant United States Attorney, this the 15th day of April 2025.

/s/*Katherine Puzone*
Attorney for Jesus Hernandez